**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

OCT 8 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| EL ROVIA MOBILE HOME PARK, LLC, a California Limited Liability Company, | No. 20-55063 |
| Plaintiff-Appellant, | D.C. No. 2:19-cv-07506-RGK-PJW |
| v. | |
| CITY OF EL MONTE, a California general law municipality, | MEMORANDUM[*] |
| Defendant-Appellee, | |
| and | |
| DOES, 1 through 100, inclusive, | |
| Defendant. | |

Appeal from the United States District Court
for the Central District of California
R. Gary Klausner, District Judge, Presiding

Submitted October 5, 2020[**]
Pasadena, California

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Before: M. SMITH and OWENS, Circuit Judges, and CARDONE,[***] District Judge.

El Rovia Mobile Home Park, LLC (El Rovia) appeals the district court's order granting the City of El Monte's (City) motion to dismiss. Because the parties are familiar with the facts, we do not recount them here, except as necessary to provide context to our ruling. We review de novo the district court's grant of the City's motion to dismiss. *See Cohen v. Stratosphere Corp.*, 115 F.3d 695, 700 (9th Cir. 1997). We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

The district court properly held that the state appellate court's decision affirming the trial court's judgment of dismissal precluded six of El Rovia's claims. *See DKN Holdings LLC v. Faerber*, 352 P.3d 378, 386 (Cal. 2015). El Rovia's voluntary dismissal of its pending substantive due process cause of action does not change the finality of the state appellate court's decision on the other claims. *See Wells v. Marina City Props., Inc.*, 632 P.2d 217, 221 (Cal. 1981).

The district court incorrectly granted the City's motion to dismiss as to El Rovia's substantive due process claim. Because El Rovia voluntarily dismissed this cause of action without prejudice, there was not a final judgment on the merits and claim preclusion did not apply. *See Syufy Enters. v. City of Oakland*, 128 Cal. Rptr.

---

[***] The Honorable Kathleen Cardone, United States District Judge for the Western District of Texas, sitting by designation.

2d 808, 816 (Ct. App. 2002); *cf. Mary Morgan, Inc. v. Melzark*, 57 Cal. Rptr. 2d 4, 7 (Ct. App. 1996).

El Rovia, however, did not assert in its briefs that its substantive due process claim is not precluded. Instead, El Rovia argued that the voluntary dismissal of its remaining state case is not a final judgment on any of the causes of action in its state court complaint, which is erroneous. Under the circumstances, the substantive due process claim is waived, and the district court's order is affirmed. *See Int'l Union of Bricklayers & Allied Craftsman Local Union No. 20, AFL-CIO v. Martin Jaska, Inc.*, 752 F.2d 1401, 1404 (9th Cir. 1985).

El Rovia waived its *England* reservation by including its constitutional challenges in its state court complaint. *See San Remo Hotel, L.P. v. City & Cty. of S.F., Cal.*, 545 U.S. 323, 341 (2005).

El Rovia did not raise its inadequacy exception argument before the district court, and it does not provide reasoning for its failure to do so. As such, the argument is not properly before us. *See Komatsu, Ltd. v. States S.S. Co.*, 674 F.2d 806, 812 (9th Cir. 1982).

**AFFIRMED.**